UNITED STATES DISTRICT COURT FILED OCT 09 2026 ANDREW W. MOELLER, CLERK WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA METZ, Plaintiff Pro Se,
-vs-
Case No. 1:26-cv-01448 (Hon. John L. Sinatra, Jr.) (Magistrate Judge H. Kenneth Schroeder, Jr.)

TOWN OF TONAWANDA, TOWN BOARD OF TONAWANDA, TOWN OF TONAWANDA POLICE DEPT., COUNTY OF ERIE, MICHAEL KOOSHOIAN, DAN CAVARELLO, and JACK BARGNESI, individually and as Town Attorneys, BRIAN MAYO, in his capacity as Town Records Officer, CHARLES SCHULTZ, in his capacity as IT Director and Board of Ethics Member, CHERYL MAYO, ANDREA HARTER, BRIAN FITZGERALD, and SCOTT BARRY, individually and as Town Officials/Employees, JAMES HARTZ, in his capacity as Director of Planning, ALEX PATINO, in his capacity as Planning Assistant, GARY REINHART, in his capacity as Police Records Officer, THOMAS MOORE, in his capacity as Police Records Officer, POLICE CHIEF COREY FLATAU, JAMES STAUFFIGER, individually and as former Police Chief, POLICE OFFICERS JUSTIN CORNELL, GRANT CURREY, OSWALD, CASH, and FINNELL; JOHN DOE OFFICERS 1–5 (Individual Identities Currently Unknown Retaliating Officers), MEGHAN ENGL, individually and as a Police Mental Health Counselor, ENDEAVOR HEALTH SERVICES, KENMORE-TOWN OF TONAWANDA SCHOOL DISTRICT, NIAGARA MOHAWK POWER CORPORATION d/b/a NATIONAL GRID, FRANKLIN F. PALMERI, KATHLEEN PALMERI, JONATHON PALMERI, TIFFANY PALMERI, STEPHAN YODER, DENISE CROWLEY, SEAN CROWLEY, CHRIS RAINERO, individually and as a Town Union Steward, and MICHAEL RAINERO, Defendants.

FIRST AMENDED CIVIL RIGHTS COMPLAINT, REQUEST FOR JUDICIAL NOTICE, AND BINDING DISCOVERY PRESERVATION DEMAND

Plaintiff Pro Se, Linda Metz, respectfully files this First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1) against the above-named Defendants. This First Amended Complaint completely replaces and supersedes the original complaint filed in this action to incorporate newly uncovered facts, clarify material details, seamlessly integrate specific chronological events, and explicitly consolidate civil rights claims under 42 U.S.C. Sections 1983 and 1985, Title II of the Americans with Disabilities Act (ADA), and the Fair Housing Act (FHA), 42 U.S.C. Section 3617.

I. JURISDICTION AND VENUE

Paragraph 1. This Court has federal question jurisdiction over Plaintiff's constitutional and statutory civil rights claims pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343, as this action is brought pursuant to 42 U.S.C. Section 1983, 42 U.S.C. Section 1985, Title II of the Americans with Disabilities Act, 42 U.S.C. Section 12131 et seq., and the Fair Housing Act, 42 U.S.C. Section 3613, to redress the deliberate deprivation of rights secured by the United States Constitution and federal statutory law.

Paragraph 2. This Court has supplemental jurisdiction over Plaintiff's state-law tort claims pursuant to 28 U.S.C. Section 1367(a) because the state-law claims are so related to the federal civil rights and discrimination claims that they form part of the same case or controversy and arise out of a common nucleus of operative facts.

Paragraph 3. Venue is proper in the Western District of New York pursuant to 28 U.S.C. Section 1391(b) because all events, acts, omissions, and injuries giving rise to these claims occurred entirely within this judicial district in the Town of Tonawanda.

II. COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

Paragraph 4. On July 8, 2026, within ninety (90) days after the state-law claims accrued, Plaintiff Linda Metz timely served a formal Notice of Claim on the municipal defendants (Town of Tonawanda, Town Board, Police Department, and County of Erie) pursuant to New York General Municipal Law Section 50-e.

Paragraph 5. At least thirty (30) days have elapsed since the service of the Notice of Claim, and the municipal defendants have neglected or refused to adjust, pay, or settle the claims. The municipal defendants failed to demand an oral examination or serve a 50-h hearing request within the strict statutory 90-day window, which officially expired on October 6, 2026. The municipal defendants have completely waived their right to pre-suit examination of Plaintiff Linda Metz, fully exhausting all administrative prerequisites for the judicial pursuit of state-law claims against the municipal entities and their employees

III. PARTIES

A. THE PLAINTIFF

Paragraph 6. Linda Metz is a disabled individual, a former federal employee, and a citizen of the United States residing at 24 Countrygate Lane, Town of Tonawanda, New York. Plaintiff is a qualified individual with a disability under the ADA and FHA.

B. THE MUNICIPAL DEFENDANTS

Paragraph 7. The Town of Tonawanda is a municipal corporation organized under the laws of New York, operating the TTPD and its building/planning departments.
Paragraph 8. The Town Board of Tonawanda is the legislative body of the Town, responsible for executing a streetlight asset transfer and overseeing municipal policy.
Paragraph 9. The Town of Tonawanda Police Department (TTPD) is a law enforcement agency acting under the executive control of the Town.
Paragraph 10. The County of Erie is a municipal corporation responsible for adjacent local administrative oversight and records dissemination.
Paragraph 11. Michael Kooshoian, Dan Cavarello, and Jack Bargnesi are attorneys employed by the Town of Tonawanda who acted individually and in their capacities as Town Attorneys to insulate illegal conduct and execute retaliatory measures.
Paragraph 12. Brian Mayo is the designated Town Records Officer, sued in his capacity for the retaliatory suppression of public safety files.
Paragraph 13. Charles Schultz is the Town IT Director and a Board of Ethics Member. Defendant Schultz is the uncle of Building Superintendent Scott Barry and abused his technical role to permit active credentials to backdoor juvenile records.
Paragraph 14. Cheryl Mayo, Andrea Harter, and Brian Fitzgerald are officials/employees of the Town of Tonawanda who facilitated administrative gatekeeping.
Paragraph 15. Scott Barry is the Building Superintendent for the Town of Tonawanda who issued fraudulent inspection logs to mask public hazards.
Paragraph 16. James Hartz is the Director of Planning for the Town, who directly refused to enforce high-voltage easement boundary constraints.
Paragraph 17. Alex Patino is a Planning Assistant for the Town who acted under the direction of Defendant Hartz to block Plaintiff's administrative appeals.
Paragraph 18. Gary Reinhart and Thomas Moore are TTPD Police Records Officers who utilized their official positions to threaten, intimidate, and suppress public records.
Paragraph 19. Police Chief Corey Flatau is the active chief executive officer of the TTPD, maintaining policies and customs of deliberate indifference.
Paragraph 20. James Stauffiger is the former Police Chief of the TTPD who oversaw initial retaliatory coordination against the Plaintiff's household.
Paragraph 21. Justin Cornell, Grant Currey, Oswald, Cash, and Finnell are police officers employed by the TTPD who executed an unconstitutional entry, dynamic search, and fabricated arrest on Plaintiff's property. Officer Cornell shares a domestic partner relationship and children with Defendant Denise Crowley's daughter, rendering him the grandchild's father and creating an unconstitutional conflict of interest.
Paragraph 22. Meghan Engl is a Police Mental Health Counselor embedded within the TTPD and an employee of Endeavor Health Services.
Paragraph 23. The Kenmore-Town of Tonawanda School District ("Ken-Ton") is a public educational agency maintaining employer liability over data security systems and administrative personnel.

C. THE CORPORATE DEFENDANTS

Paragraph 24. Endeavor Health Services is a private healthcare entity operating under contract with the Town of Tonawanda, maintaining joint liability for the actions of Defendant Engl.
Paragraph 25. Niagara Mohawk Power Corporation d/b/a National Grid ("National Grid") is a public utility corporation maintaining joint operational control over the high-voltage pad transformer easements on Countrygate Lane.

D. THE PRIVATE DEFENDANTS

Paragraph 26. Franklin F. Palmeri, Kathleen Palmeri, Jonathon Palmeri, and Tiffany Palmeri are private individuals residing at 26 Countrygate Lane who acted in active concert and reached a meeting of the minds with municipal employees to execute a conspiracy of physical surveillance, intimidation, and fabricated criminal filings against the Plaintiff.
Paragraph 27. Stephan Yoder is a private citizen residing at 18 Countrygate Lane who actively participated in the neighborhood harassment ring and the joint execution of the civil rights conspiracy under color of law.
Paragraph 28. Denise Crowley and Sean Crowley are individuals residing at 33 Countrygate Lane. Defendant Denise Crowley operated under color of law as a former administrative Clerk Typist for the Kenmore-Town of Tonawanda School District (Ken-Ton) who exploited her active administrative network credentials to unlawfully data-mine, leak, and weaponize closed educational records against Plaintiff's family.
Paragraph 29. Chris Rainero is a private resident and Town Union Steward who used his political positioning and labor ties to insulate the conspiracy from ethical oversight and block code enforcement actions on behalf of the neighboring properties.
Paragraph 30. Michael Rainero is a private citizen who acted in active concert and civil conspiracy with Defendant Chris Rainero and municipal officials to violate Plaintiff's constitutional and property rights.

IV. STATEMENT OF FACTS AND ORIGINATING PROPERTY DISPUTE

Paragraph 31. Immediately adjacent to, and physically impacting Plaintiff's residential parcel at 24 Countrygate Lane, stands a massive commercial and industrial public utility asset under the shared ownership, joint operational control, maintenance oversight, and legal liability of Defendant National Grid and the Defendant Town of Tonawanda.

Paragraph 32. Pursuant to Chapter 54 of the Town of Tonawanda Code, the Office of the Code Enforcement Officer is strictly bound by non-discretionary, ministerial enforcement mandates which dictate that the building official "shall" conduct inspections and halt dangerous operations upon uncovering structural safety violations.

Paragraph 33. Within a tight 20-foot spatial span directly on Plaintiff's property line, and located a mere 8 feet from Plaintiff's residential structure, an unpermitted, uninspected 15+ foot metal flagpole and an unpermitted exterior electrical outlet were erected within the immediate structural fall radius of a pad-mounted high-voltage transformer box, creating an imminent risk of arc flashing, faults, and structural fires. A municipal street light, previously knocked onto Plaintiff's lawn in 2009, was also deceptively relocated directly within this high-voltage fall radius.

Paragraph 34. Due to the negligence of National Grid and the Town, the subject infrastructure lacks proper stabilization and suffers from severe aerodynamic instability under standard weather patterns, creating dangerous, unmitigated steel vibrations that transfer kinetic energy directly through the earth into Plaintiff's residential foundation.

Paragraph 35. Seeking immediate administrative intervention, Plaintiff formally drafted and filed a comprehensive administrative zoning appeal notice with the Town of Tonawanda Zoning Board of Appeals, challenging the building's compliance with Chapter 215 standards. A true copy of this notice is attached hereto as Exhibit C.

Paragraph 36. Rather than processing the appeal as required by law, Planning Director James Hartz, Assistant Planner Alex Patino, and the Town Board deliberately deadlocked the administrative appeals process, explicitly stating in a January 8, 2026 email from Building Superintendent Scott Barry (attached as part of Exhibit G) that an appeal to the ZBA did not apply to her situation, completely blocking her access to administrative remedies.

Paragraph 37. Confronted by the local administration's total abdication, Plaintiff escalated the matter to the New York State Department of State, which launched an independent investigation resulting in an official state code violation determination letter executed by NYS Code Enforcement Official Keith G. Burger, II (attached hereto as Exhibit D), verifying that the structure stands in direct violation of the Uniform Code.

Paragraph 38. Armed with the state's official finding, Plaintiff served a comprehensive, formal statutory notification directly upon individual Town Attorneys Michael Kooshoian, Dan Cavarello, and Jack Bargnesi (attached hereto as Exhibit E). The delivery of Exhibit E marked the initiation of an active, cross-departmental civil conspiracy designed to silence Plaintiff, protect the corporate interests of National Grid, and insulate connected actors from public exposure.

Paragraph 39. To execute the goals of the conspiracy, the municipal defendants formed an active, collusive alliance with neighborhood residents living adjacent to Plaintiff, specifically Defendants Franklin F. Palmeri, Kathleen Palmeri, Jonathon Palmeri, Tiffany Palmeri, Stephan Yoder, Denise Crowley, and Sean Crowley, who initiated a continuous campaign of targeted stalking and fabricated complaints to law enforcement.

Paragraph 40. In direct response to false neighborhood reports, TTPD Officers Grant Currey and Justin Cornell arrived aggressively at the Plaintiff's home on January 26, 2026. Defendant Officer Justin Cornell maintains a direct, conflicted familial relationship with neighbor complainant Denise Crowley as the biological father of her grandchildren, proving that municipal police power was weaponized to execute private, bad-faith retaliation on behalf of a relative.

Paragraph 40a. The bad-faith, conspiratorial nature of the law enforcement targeting is explicitly documented within the municipality's own official police records. Specifically, initial responding TTPD incident reports confirm that officers arrived on the scene, physically verified the traumatic, intolerable metal-on-metal structural banging hazard, and memorialized the neighbors' explicit operational assertions that the unpermitted structure was being removed. However, upon information and belief, once the offending neighbor filed a hidden, internal harassment profile explicitly leveraging his status as a former law enforcement official, the TTPD completely reversed its enforcement posture. The department ceased all tracking of the structural public hazard and actively transitioned into an enforcement arm to target, surveil, and harass the disabled Plaintiff and her family, establishing that the municipality maintains a custom of shielding former insider officers from code compliance while weaponizing the police force to suppress whistleblower complaints.

Paragraph 40b. The multi-party civil rights conspiracy and bad-faith collusion are further captured directly on the department's own audio/video body-camera media. Specifically, when Plaintiff attempted to document the severe, wind-induced structural vibrations of the unpermitted flagpole on a windy day, the neighbors initiated a retaliatory call to the TTPD. On the scene, the responding officer's body camera explicitly recorded the private neighbor making a direct party admission, stating to the effect that they knew the structural infrastructure was actively harming people, and that if the residents did not like the noise, they could stay inside their houses and wear earplugs. Rather than executing an arrest or issuing a citation for this admitted public hazard and intentional harassment, the responding TTPD officer explicitly shook the neighbor's hand, engaged in a familiar discussion regarding the neighbor's prior law enforcement service, and deliberately refused to document the neighbor's admissions of harm, thereby fully establishing the municipality's active participation in the conspiracy to deny the disabled Plaintiff equal protection and due process.

Paragraph 41. The individual officers subjected Plaintiff to an unconstitutional false arrest under color of law, fabricating a criminal charge of Criminal Tampering in the Third Degree (NY PL Section 145.10). Franklin Palmeri's own sworn deposition completely refutes the legal basis of the charge, explicitly stating that the dispute strictly concerned snow shoveled onto a space cleared for trash cans, which legally fails to meet the statutory definition of a public utility under NY PL Section 145.10.

Paragraph 42. During this unlawful intervention, the officers actively colluded with Defendant Meghan Engl, a Police Mental Health Counselor, to execute an unauthorized, bad-faith HIPAA data breach attempt with Endeavor Health Services and Dent Neurologic Institute to harvest confidential medical files and build a fraudulent psychiatric profile to justify the false arrest.

Paragraph 43. Simultaneously, Defendant Denise Reichmeyer Crowley exploited her administrative employment credentials as a Clerk Typist for Defendant Ken-Ton School District to unlawfully access, leak, and weaponize confidential, closed historical student records tied to Plaintiff's household. These files were distributed across municipal and neighborhood channels in bad faith as a direct tactical strike to fuel the localized stalking campaign and inflict maximum emotional distress.
Paragraph 44. On August 16, 2026, Denise Reichmeyer Crowley's husband explicitly yelled across the road at Plaintiff's family, offering a direct, verbal party admission of this intentional cyber-breach, database-mining, and tracking threat, which was witnessed directly by neighbor Nadera Kanan.
Paragraph 44a. The defendants' campaign of active witness intimidation and law enforcement retaliation escalated directly at Plaintiff's residence following the initiation of this federal civil rights action. Specifically, responding to an intentionally fabricated, petty neighbor complaint regarding a household trash can touching the private neighbors' fence line, the Town of Tonawanda Police Department dispatched responding officers alongside an embedded mental health counselor dynamically to Plaintiff's property. The responding officer aggressively threatened Plaintiff with an immediate physical arrest over the placement of the trash can, before explicitly admitting on the scene that the entire matter was wholly "petty" and departing without filing charges. This tactical deployment of emergency law enforcement power and psychological coercion over a trivial property line issue was executed under duress for the sole purpose of harassing, terrorizing, and threatening a disabled federal whistleblower to force the abandonment of her active constitutional petitions.
Paragraph 44b. The true, predatory objective of the multi-party civil rights conspiracy was an explicit, coordinated campaign to execute civil blockbusting and force the unconstitutional deprivation and involuntary acquisition of Plaintiff's real property. Specifically, following Defendant Denise Reichmeyer Crowley being caught executing the illicit database breach of student records—which resulted in her abrupt, forced operational retirement from the Ken-Ton School District on July 17, 2025—Defendant Crowley harbored intense personal animus against Plaintiff's household. To execute a retaliatory vendetta, Defendant Crowley colluded with the Palmeri family and her grandchild's father, Defendant Officer Justin Cornell, to intentionally weaponize TTPD police power, surveillance arrays, and code exemptions to target, terrorize, and destabilize the disabled Plaintiff.
Paragraph 44c. The explicit goal of this multi-agency municipal siege was to intentionally inflict such extreme physical and emotional distress upon the household that Plaintiff would be forced under duress to abandon her premier residential property—comprising a custom home constructed in 2002 featuring a highly desirable inground pool parcel. The co-conspirators sought to drive Plaintiff out so that Defendant Officer Justin Cornell, who faces strict municipal residency mandates as a Town employee, could acquire the property for his domestic partner and children. This predatory property acquisition scheme was definitively memorialized on video media, wherein Defendant Jonathon Palmeri, while actively installing the invasive commercial-grade surveillance camera array, explicitly approached Plaintiff's family and offered to purchase Plaintiff's home upon the manifestation of the legal and structural liabilities arising from their unpermitted property line flagpole infrastructure. This explicit property acquisition directive constitutes a facial violation of the Fair Housing Act's anti-predatory housing interference protections under 42 U.S.C. Section 3617.
Paragraph 44d. Upon information and belief, the corrupt cross-departmental loyalty shielded by the TTPD is further maintained through improper commercial favors and non-monetary kickbacks. Specifically, Defendant Jonathon Palmeri operates a local commercial barber establishment, maintaining a documented history of utilizing vindictive, bad-faith litigation to harass former employees. Upon information and belief, Defendant Palmeri routinely leverages his commercial establishment to provide free or heavily discounted barber and styling services to active Town of Tonawanda police officers, utilizing these unrecorded commercial transactions as a direct vector to secure their absolute operational loyalty, insulate his unpermitted property line structures from municipal code enforcement, and coordinate the targeted law enforcement harassment campaign executed against the disabled Plaintiff herein.
Paragraph 45. To definitively quantify the town's selective code enforcement and deep-seated administrative animus under the Fourteenth Amendment, an objective geographic baseline demonstrates that all other three transformer boxes located on Countrygate Lane are completely clear, unobstructed, and surrounded only by standard municipal grass, proving an unconstitutional Class-of-One discrimination profile.
Paragraph 46. The severe psychological terror and unmitigated high-voltage infrastructure hazards caused direct, severe, and clinically documented physical injuries, including a severe systemic medical regression resulting in pneumonia and an abnormal EKG for Plaintiff Linda Metz, and a clinical diagnosis of permanent tinnitus for her husband induced by the continuous metal-on-metal auditory disruptions.
Paragraph 47. As a direct result, independent real estate appraisals have documented substantial value diminution, and multi-party purchase offers have been completely blocked by prospective buyers upon discovering the unmitigated safety violations and pervasive municipal surveillance, effectively resulting in an inverse condemnation and regulatory taking.
Paragraph 48. This systemic matrix is tied directly to a top-down failure of oversight. A 2020 audit of the Town conducted by the New York State Comptroller (Report 2020M-115) officially cited the municipality for a systemic failure to conduct and enforce mandatory ethics training. The Town Board formally accepted this report but deliberately failed to implement corrective oversight, permitting municipal actors to weaponize user credentials and execute retaliatory enforcement entirely insulated from ethical review.
Paragraph 49. This network is structurally insulated by high-level executive gatekeepers: Ken-Ton District Clerk Gina Santa Maria concurrently serves as Town of Tonawanda Councilwoman and Deputy Supervisor. This high-level executive and

political intersection enables the internal administrative shielding of systemic employee overreach, facilitating a coordinated defensive wall across both municipal entities.

CAUSES OF ACTION
COUNT I: First Amendment Retaliation Pursuant to 42 U.S.C. Section 1983 (Against TTPD Officers, Chief Flatau, and Town Officials)
Paragraph 50. Plaintiff realleges and incorporates by reference paragraphs 1 through 49 as if fully set forth herein.
Paragraph 51. Plaintiff engaged in speech and petitioning activity heavily protected by the First Amendment by reporting structural building code violations, filing public safety complaints, submitting formal ADA grievances, and demanding municipal zoning enforcement.
Paragraph 52. Defendants took severe, adverse, and retaliatory actions against the Plaintiff—including stripping Plaintiff's administrative anonymity, falsifying code logs, fabricating a criminal tampering charge, executing an unlawful data-harvesting interrogation, and weaponizing the unauthorized database breach of family records to silence her public advocacy.
Paragraph 53. The Town of Tonawanda and the TTPD are liable under Monell v. Department of Social Services because final municipal policymakers possessed actual knowledge of the ongoing retaliation, yet demonstrated deliberate indifference by failing to train, supervise, or intervene, establishing a widespread custom, policy, and practice of unconstitutionally suppressing whistleblower complaints.
COUNT II: Fourteenth Amendment Equal Protection Violation (Class-of-One and Gender Discrimination)
Paragraph 54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as if fully set forth herein.
Paragraph 55. Defendants intentionally, and with active animus, singled out the Plaintiff for disparate treatment by completely refusing to enforce clear safety, electrical, and zoning codes regarding the unpermitted utility infrastructure and hazardous configurations compacted on Plaintiff's immediate residential property boundary.
Paragraph 56. No rational basis exists for the unique spatial crowding permitted on Plaintiff's property line, given that all other three transformer boxes on the exact same residential street remain totally clear, unencumbered, and surrounded strictly by standard grass, constituting a facial Class-of-One Equal Protection violation.
Paragraph 57. Defendants maintain an administrative custom and practice of handling female residents' safety complaints via unrecorded, loose sticky notes while processing other complaints formally, reflecting systematic gender-based discrimination in the delivery of municipal services.
COUNT III: Discrimination and Exclusion Under Title II of the Americans with Disabilities Act (ADA) (Against Defendant Town of Tonawanda)
Paragraph 58. Plaintiff realleges and incorporates by reference paragraphs 1 through 57 as if fully set forth herein.
Paragraph 59. Plaintiff Linda Metz is a qualified individual with a disability under the ADA who suffers from documented physical, neurological, and mobility impairments.
Paragraph 60. The Town, through its final policymakers, departments, and employees, intentionally discriminated against the Plaintiff by reason of her disability, displaying deliberate indifference to her formal ADA grievances, refusing to remediate hazardous structural infrastructure impacting her property, and explicitly excluding her from municipal programs by declaring that her federal statutory protections did not apply to her situation.
COUNT IV: Section 1983 and Section 1985 Civil Rights Conspiracy (Against All Defendants)
Paragraph 61. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as if fully set forth herein.
Paragraph 62. The public and private defendants reached a mutual understanding and a meeting of the minds to engage in a coordinated, multi-party conspiracy to violate Plaintiff's constitutional rights, hide public utility fraud, exploit administrative school networks, and shield favored insiders from code enforcement under color of law.
COUNT V: New York State Common Law Private Nuisance and Gross Negligence (Against All Private Defendants, the Town, and National Grid)
Paragraph 63. Plaintiff realleges and incorporates by reference paragraphs 1 through 62 as if fully set forth herein.
Paragraph 64. Defendants created, maintained, and permitted a structural, heavy metal-on-metal clanking hazard and unmitigated low-frequency transformer noise and vibrations to persist uninterrupted for months directly on Plaintiff's property line, breaching the proprietary duty of care assumed by the Town through its streetlight asset purchase.
Paragraph 65. This interference was intentional, unreasonable, and substantially impaired Plaintiff's right to the quiet enjoyment, safety, and use of her home, directly resulting in severe sleep deprivation, intense psychological distress, and physical health deterioration within Plaintiff's household.
COUNT VI: Fifth and Fourteenth Amendment Inverse Condemnation and Unconstitutional Taking (Against Defendant Town of Tonawanda)
Paragraph 66. Plaintiff realleges and incorporates by reference paragraphs 1 through 65 as if fully set forth herein.
Paragraph 67. The Town of Tonawanda, through its intentional relocation of heavy municipal utility infrastructure, affirmative authorization of unpermitted structural modifications, and persistent refusal to enforce mandatory safety boundary lines, has facilitated an ongoing physical invasion and structural encroachment upon Plaintiff's real property boundaries and airspace, rendering her physical house completely unmarketable, dangerous, and unalienable, resulting in a de facto physical and regulatory taking of private property without just compensation.
COUNT VII: New York State Common Law Trespass and Conversion (Against All Private Defendants)

Paragraph 68. Plaintiff realleges and incorporates by reference paragraphs 1 through 67 as if fully set forth herein.
Paragraph 69. Private Defendants, operating through their hired commercial workers and agents, intentionally, willfully, and without legal justification assumed dominion over, executed control over, and committed the unlawful conversion, trespass, and theft of Plaintiff's personal property assets, specifically the safety caution flags placed to demarcate Plaintiff's real property boundary lines.

FORMAL REQUEST FOR JUDICIAL NOTICE

Paragraph 70. Pursuant to Federal Rule of Evidence 201, Plaintiff formally requests that District Judge John L. Sinatra, Jr. take judicial notice of the following public records and adjudicative facts:

a. The Town of Tonawanda Police Department Incident Report dated February 12, 2009, documenting the structural collapse of an actively energized streetlight pole at the subject site.

b. The official records and final administrative rulings of the New York State Public Employment Relations Board (PERB) documenting the coordinated TTPD ticket strike.

c. The public board minutes, disciplinary records, and official termination files of the Town Board regarding former TTPD Officer Michael Lewandowski.

d. The corporate asset purchase filings and public authorizations from 2021 detailing the Town of Tonawanda's $19 million municipal streetlight infrastructure buyout from National Grid.

e. The official 2020 New York State Comptroller's Audit Report (Report 2020M-115) detailing the Town of Tonawanda's systemic failure to enforce mandatory ethics training.

BINDING DEMAND FOR IMMEDIATE EVIDENCE PRESERVATION

Paragraph 71. Pursuant to Federal Rule of Civil Procedure 37 and New York common law governing evidence spoliation, Defendants are commanded to implement an immediate litigation hold on the following assets from January 1, 2024, through the present: All video and audio recordings captured by the permanent camera structures installed at the Palmeri household or the Crowley garage post; all files transferred or linked via the TTPD Axon Evidence platform explicitly embracing all raw data recording the on-scene spoken admissions of Officer Grant Currey; complete, machine-generated SQL server logs, transaction logs, Active Directory footprints, and login history for Denise Reichmeyer Crowley's school district network credentials and Officer Justin Cornell's TTPD server logs; and all emails, text messages, and Microsoft Teams logs referencing Linda Metz or the transfer of records.

Paragraph 72. Defendants must provide written confirmation within forty-eight (48) hours of receipt of this notice that a formal litigation hold has been issued to safeguard these assets. Failure to halt automated deletion or purging protocols will be interpreted as a bad-faith destruction of evidence, resulting in immediate motions for adverse inference jury instructions, default judgments, and monetary sanctions under FRCP Rule 37(e).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Linda Metz respectfully requests that this Court enter judgment in her favor and against all named Defendants, granting the following forms of relief:

Issue a Temporary Restraining Order and Preliminary Injunction mandating that Defendant Town of Tonawanda and Defendant National Grid immediately enforce mandatory utility safety clearances and zoning setbacks at the subject property line, ordering the immediate structural removal or relocation of the 15-foot flagpole, concrete foundation, and unpermitted electrical components currently situated within the hazardous, high-voltage transformer zone, and placing an absolute freeze against the ongoing, invasive multi-party audio and video recording surveillance arrays or targeted police harassment;

Award full compensatory and special economic damages against the Town of Tonawanda and corporate/individual Defendants, jointly and severally, in an amount to be determined at trial, to address Plaintiff's severe emotional distress, out-of-pocket medical expenses, legal consultation expenditures, and the total value diminution of her home;

Award substantial punitive damages against all named individual Defendants in their individual capacities—including the individual police officers, town attorneys, planning personnel, and school district building clerk—to punish their malicious, bad-faith misuse of municipal power, intentional data harvesting, fabrication of public records, and deliberate indifference to the rights of a disabled citizen;

Enter a declaratory judgment affirming that the Town of Tonawanda's custom of dismissing ADA website grievances and abdicating code enforcement violates Title II of the ADA and the Equal Protection Clause of the Fourteenth Amendment;

Order the United States Marshals Service to effectuate service of process upon all named Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3) due to active safety threats and law enforcement retaliation; and

Grant such other, further, or different relief as this Court deems just, proper, and equitable under the circumstances.

JURY DEMAND

Paragraph 73. Plaintiff hereby demands a trial by jury on all issues and claims so triable as a matter of right pursuant to Federal Rule of Civil Procedure 38(b).

Dated: October 7, 2026
Tonawanda, New York

Respectfully submitted,

By: Linda Metz

LINDA METZ, Plaintiff Pro Se
24 Countrygate Lane
Tonawanda, New York 14150
Contact Phone: 716-418-4089

VERIFICATION
STATE OF NEW YORK)
SS:
COUNTY OF ERIE)

I, LINDA METZ, am the Plaintiff Pro Se in the within action. I have read the foregoing First Amended Complaint and know the contents thereof. The facts alleged therein are true to my own subjective knowledge, except as to those matters alleged upon information and belief, and as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 7th day of October, 2026, at Tonawanda, New York.

LINDA METZ, Plaintiff Pro Se

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA METZ, Plaintiff Pro Se,
-vs-
Case No. 1:26-cv-01448
(Hon. John L. Sinatra, Jr.) (Magistrate Judge H. Kenneth Schroeder, Jr.)

INDEX OF PHYSICAL EXHIBITS INCORPORATED IN SUPPORT OF FIRST AMENDED COMPLAINT

EXHIBIT A: True and accurate copy of the 4-page email correspondence from Director of Planning James Hartz memorializing the Town's awareness of the structural code controversy.

EXHIBIT B: True and accurate copy of the 4-page New York State Department of State formal investigation and litigation hold notification letter issued by Chad Haviland.

EXHIBIT C: True and accurate copy of the 1-page administrative inquiry email transmitted by Plaintiff requesting clarification on the local zoning code appeals process.

EXHIBIT D: True and accurate copy of the official New York State Department of State code determination email executed by NYS Code Enforcement Official Keith G. Burger, II.

EXHIBIT E: True and accurate copy of the Town of Tonawanda FOIL log and accompanying email documenting zero structural engineering permits and the fraudulent Thanksgiving Day inspection entry.

EXHIBIT F: True and accurate copy of the formal New York State Police investigation correspondence from Senior Investigator Andrew Green, including the corporate Cease-and-Desist notification served upon Meghan Engl and Compliance Officer C. Blask.

EXHIBIT G: True and accurate copy of the 3-page email transmission from Building Superintendent Scott Barry summarily denying Plaintiff's administrative zoning appeal and arbitrarily closing the code file as a civil matter.

EXHIBIT H: True and accurate copy of the Town of Tonawanda Police Department (TTPD) incident report records (Pages H-1a through H-1g) documenting officers' physical verification of the traumatic structural noise hazards.

EXHIBIT H-1: True and accurate copies of the local court voucher sheets, supporting depositions, Officer Cornell's complaint filings, the unconstitutional local stay-off orders, and the final court disposition record.

EXHIBIT H-2: True and accurate copy of the cover page and structural findings of the December 2020 New York State Comptroller's Ethics Oversight Audit Report (Report 2020M-115) detailing the municipality's failure to enforce ethics compliance.

EXHIBIT H-3: True and accurate copy of the official New York State Public Service Commission (PSC) email notification and administrative tracking records documenting the deliberate address routing error and mix-up for Case Appeal Number 648245 PSC.

Hi Linda,

Thank you for forwarding this information regarding your issue with the flagpole. I understand that this matter has been taken up by the Town's Building Department to investigate the NYS Property Maintenance Code allegations and the Police Department is monitoring the alleged civil actions regarding your neighbors. I understand that it is most troubling living next to the constant noise during wind events. You always have the opportunity to pursue a nuisance claim in either local court or State Supreme Court if the problem continues. I would recommend consulting an attorney.

Jim

James Hartz, AICP

Director of Community Development

169 Sheridan-Parkside Drive

Tonawanda, NY 14150

Phone: (716) 871-8847 xt. 1

Exhibit A1

| | |
|---|---|
| Subject | Re: [External] 18 Countrygate Lane |
| From | lindammetz@verizon.net <lindammetz@verizon.net> |
| To | Barry, Scott <sbarry@tonawanda.ny.us>, Hartz, James <jhartz@tonawanda.ny.us> |
| Cc | Patino, Alex <apatino@tonawanda.ny.us>, Emminger, Joseph <jemminger@tonawanda.ny.us>, Kooshoian, Michael <mkooshoian@tonawanda.ny.us>, Cavarello, Daniel <dcavarello@tonawanda.ny.us>, Halter, Shelley <shalter@tonawanda.ny.us> |
| Date | 1/11/2026, 12:19:36 PM |

For your information the noise intimidation and harassment has continued. The unsafe and noisy metal structure that encroaches on my property has not been removed. It is unbearable and has caused me severe anxiety and mental distress. It has disrupted my life and my sleep and my health. It has caused severe distress to my entire family and other neighbors who have also questioned the need for this nuisance. I have been screamed at, sworn at, called evil names, threatened and intimidated multiple times by multiple people on multiple occasions. This includes some law enforcement officers who have expressed their own personal opinions and have made it obvious that because the offender was at one time a law enforcement official that his harm is acceptable and if everyone else does not agree then they can stay in there homes and wear ear plugs. My property is being surveilled 24/7 and possibly my private conversations with others are being recorded. I have been harassed regarding the town issued trash

A2

and recycling bins and threatened for attempting to document the noise and disruption for resolution purposes. I pay taxes for my entire property for myself and my family to be safe and secure. I have not or would not ever violate any laws or regulations in the Town of Tonawanda. This situation has made me very afraid in my own home and on my property. I am also extremely afraid of retaliation by the Code Enforcement Supervisor who also was very unprofessional and angry and aggressive in his communications with me. I am also afraid of the Law Enforcement Officers who have come to my home and retaliation from them The mental health officer came to supposedly help and check on me and my families well being but the Officer that came with her was very agitated and impolite because he just had a baby that kept him up at night. The mental health officer had to ask him to go outside. Then she left. Her subsequent contact was to tell me not to contact the police and specifically Captain Corey Flateau. Captain Flateau contacted me and left his number specifically asking me to return his call after the Town Attorney's Stenographer sent emails asking for resolution. I was advised that the resolution months ago was that the offending neighbor stated that they were removing the structure. The structure remains. This is not the only incident where the neighbors have harmed my family. They have injured one of my children severely more than once and recently their property has damaged my property significantly. I have evidence to support this. Every person who has recently come to my property to assess for safety has indicated that the metal structure is dangerous and could cause harm to my home and to individuals in my home and on my property as well as others in the community. This situation has occurred after numerous attempts to make an

anonymous complaint to the code enforcement department and then when I provided my contact information I was never responded to for any information regarding the situation.Law enforcement was contacted by Ms Shelley Halter. I only contacted Law enforcement to verify the nuisance after the Code Enforcement failed after many requests. It appears that despite Ma Halters attempts to assist and coordinate this process it has escalated significantly and remains unresolved. I have not been provided any documentation regarding any actions taken to resolve this matter. I submitted a FOIL request on December 29th as instructed. The encroachment is not only a nuisance but hinders my ability to gain funds to take legal actions or sell my property to find a safe place to reside I have contacted the Erie County Planning Department, The New York State Department of Building Standards and Codes, Elder LawReferral Services, HUD housing authorities, I paid $375 for a legal consultation. I am considering also contacting the Attorney General's office and Adult Protective Services as advised. It is very concerning to me that I am unable to erect a security and privacy fence along my property line no greater than 3 feet tall but I can place multiple unregulated poles of any height anywhere just by saying I may want to place a flag on them. I have received the message that this is my opportunity to take action to protect myself, my family, my neighbors and my community alone. Thank you.

On Thursday, January 8, 2026, 1:09 PM, Barry, Scott <sbarry@tonawanda.ny.us> wrote:

Linda,

A4

STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
HTTPS://DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

**Complaint Received**

June 29, 2026

Linda Metz
24Country Gate Lane
Tonawanda, NY 14150
lindammetz@verizon.net

Re: Case #CPLT-2026-01076 & CPLT-2026-01088

Dear Linda Metz,

We have received your complaint. The department will review the complaint to determine if the complaint states, on its face, an allegation that subject person has materially failed to uphold his or her code enforcement duties, as described in Title 19 NYCRR Section 1208-6.3(b). The department may contact you for additional information.

Oversight Unit
Division of Building Standards & Codes

Exhibit B

| | |
|---|---|
| Subject | Oversight Case CPLT-2026-01076 |
| From | dos.sm.Oversight.Codes <Oversight.Codes@dos.ny.gov> |
| To | lindammetz@verizon.net <lindammetz@verizon.net> |
| Cc | dos.sm.Oversight.Codes <Oversight.Codes@dos.ny.gov> |
| Date | 7/20/2026, 12:42:01 PM |

Good afternoon, case CPLT-2026-01076 is now under investigation. We may be in contact should there be a need for additional information or if there are any questions.

Thank you.

Assistant Director – Western Region

Division of Building Standards and Codes

Oversight Unit

**New York Department of State**

333 East Washington St

Syracuse, NY 13202

(518) 474-4073, Option 6 | Oversight.Codes@dos.ny.gov

**Subject** Litigation Hold 8-27-2026

**From** dos.sm.Oversight.Codes <Oversight.Codes@dos.ny.gov>

**To** lindammetz@verizon.net <lindammetz@verizon.net>

**Date** 8/27/2026, 10:49:50 AM

Dear Linda Metz,

Attached please find our Litigation Hold letter for cases CPLT-2026-01076 & CPLT-2026-01088.

Thank you.

Division of Building Standards and Codes

Oversight Unit

**New York Department of State**

99 Washington Avenue, Suite 1160

Albany, NY 12231

(518) 474-4073 | Oversight.Codes@dos.ny.gov

CH

NEW YORK STATE | Department of State

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

August 27, 2026

Linda Metz
24 Countrygate Lane
Tonawanda, NY 14150
lindammetz@verizon.net

Re: Complaint #CPLT-2026-01076 & CPLT-2026-01088

Dear Linda Metz,

The NYS Division of Building Standards and Codes (The "Department") has become aware that litigation has commenced against the authority having jurisdiction (AHJ) or code enforcement official (CEO) named in your complaint (Complaint #CPLT-2026-01088). The Department cannot proceed with an investigation while litigation is ongoing or pending, so your complaint(s) (Complaint # CPLT-2026-01076 & CPLT-2026-01088) is now on a litigation hold.

Please notify the Department once your litigation is complete.

Sincerely,

Oversight Unit
Division of Building Standards and Codes
CH

**From:** lindammetz@verizon.net
<lindammetz@verizon.net>
**Sent:** Thursday, January 8, 2026 11:18 AM
**To:** Hartz, James <jhartz@tonawanda.ny.us>
**Cc:** Patino, Alex <apatino@tonawanda.ny.us>; Barry, Scott <sbarry@tonawanda.ny.us>; Emminger, Joseph <jemminger@tonawanda.ny.us>; Kooshoian, Michael <mkooshoian@tonawanda.ny.us>; Cavarello, Daniel <dcavarello@tonawanda.ny.us>; Halter, Shelley <shalter@tonawanda.ny.us>
**Subject:** Re: [External] 18 Countrygate Lane

Is this the correct documentation for appealing the zoning code enforcement decision? I have not been provided any information other than an email stating my case is closed. Please advise.

Exhibit C

11:38

RE: Contact Us Submission: Ac... AA

**Regulations reviewed but not limited to were:**

**2025 Building Code of NYS**

**CHAPTER 18 SOILS AND FOUNDATIONS**

**SECTION 1806— PRESUMPTIVE LOAD-BEARING VALUES OF SOILS**

**1806.3.4 Increase for poles.**

Isolated poles for uses such as flagpoles or signs and poles used to support *buildings* that are not adversely affected by a $^{1}/_{2}$-inch (12.7 mm) motion at the ground surface due to short-term lateral *loads* shall be permitted to be designed using lateral bearing pressures equal to two times the tabular values.

**SECTION 1807— FOUNDATION WALLS, RETAINING WALLS AND EMBEDDED POSTS AND POLES**

**1807.3 Embedded posts and poles.**

Designs to resist both axial and lateral *loads* employing posts or poles as columns embedded in earth or in concrete footings in earth shall be in accordance with Sections 1807.3.1 through 1807.3.3 or ASABE EP 486.3.

Thank you,

**Keith G. Burger, II Assoc. AIA**
NYS Code Enforcement Official / Technical Services

New York Department of State

Thank you. | Got it. | Cool.

Delete Archive Move Reply More

Exhibit D

6:59

Fw: [External] 18 Countrygate L... AA

sbarry@tonawanda.ny.us

Linda,

The Building Department has found no evidence of existing safety issues the three times we have been out to verify the claim.

Therefore the Building department has no existing violations for 18 Countrygate Lane.

Exhibit E

Tonawanda

# Parcel History

01/01/1985 - 12/31/2027
Tax Map #: 53.10-9-3
Owners: Franklin F Palmeri, Kathleen Palmeri
Zoning:

| Address | Date | Transaction | Transaction Type | Status | Description |
|---|---|---|---|---|---|
| 18 Countrygate Ln | 05/06/96 | Permit Application | OW Building | Issued | BP1996-0506963 \| SINGLE DWELLING/ATTACHED GARAGE |
| 18 Countrygate Ln | 05/06/96 | Permit | OW Building | Open | BP1996-0506963 \| SINGLE DWELLING/ATTACHED GARAGE \| Expires 05/06/1997 |
| 18 Countrygate Ln | 05/23/96 | Permit Application | OW Electrical | Issued | EL1996-0523966 \| NEW HOME 150 AMP UNDERGROUNG SERVICE |
| 18 Countrygate Ln | 05/23/96 | Permit | OW Electrical | Open | EL1996-0523966 \| NEW HOME 150 AMP UNDERGROUNG SERVICE \| Expires 05/23/1997 |
| 18 Countrygate Ln | 04/06/01 | Completed Complaint | H-Winter/Fall-Plowing | Closed | HWY-035376 \| MAILBOX HIT BY PLOW |
| 18 Countrygate Ln | 10/24/25 | Complaint | Noise | Open | C2025-1327 \| Flagpole at side of property makes noise causing disturbance. |
| 18 Countrygate Ln | 11/05/25 | Inspection | Complaint Inspection | No Cause For | |
| 18 Countrygate Ln | 11/27/25 | Inspection | Complaint Inspection | No Cause For | |
| 18 Countrygate Ln | 12/19/25 | Inspection | Complaint Inspection | No Cause For | |

THE UNIVERSITY OF THE STATE OF NEW YORK
NEW YORK STATE EDUCATION DEPARTMENT
OFFICE OF THE PROFESSIONS

OFFICE OF PROFESSIONAL DISCIPLINE
295 Main Street
Suite 562
Buffalo, NY 14203 Phone (716) 842-6550

JULY 9, 2026

LINDA METZ
24 COUNTYGATE LANE
TONAWANDA, NY 14150

RE: MEGHAN ENGL
CASE NUMBER: 4602621
PROF: MENTAL HEALTH COUNSELING

Dear Madam:

This office has received your complaint. The investigation is assigned to Senior Investigator ANDREW GREEN, who will contact you shortly to discuss this matter.

The function of the Office of Professional Discipline is to investigate complaints of professional misconduct and illegal practice. If our investigation finds substantial evidence that a licensee has committed professional misconduct, we will initiate action appropriate to the severity of the misconduct. Disciplinary actions may include suspension or revocation of a license, a period of probation, or a fine. If our investigation finds that an unlicensed party is practicing, or holding out to practice, a profession requiring a license, we may refer the matter to the New York State Attorney General for criminal prosecution.

Please note that fee disputes not involving fraud or misrepresentation are not within the jurisdiction of this office. Also, we cannot obtain refunds or cause professional work redone or corrected.

Thank you for bringing this matter to our attention. Should you have additional documentation or information helpful to our investigation, please contact the assigned investigator at the above address.

Very truly yours,

ANTHONY MASTANTUONO
Supervising Investigator

Exhibit F1

11:38

Notes

July 29, 2026 at 11:22 PM

**STATEMENT OF NON-RELATIONSHIP AND CEASE-AND-DESIST NOTICE**

**Date:** July 24, 2026

**To:** Meghan Engl

**CC:** Corporate Compliance Officer, Endeavor Health Services; Senior Investigator, NYS Office of the Professions

**RE: Fraudulent Representation and Ongoing Harassment of Linda Metz**

I, Linda Metz, born on March 28. 1965, hereby state under penalty of perjury under the laws of the State of New York that the following facts are completely true:

F2

1. **No Provider-Patient Relationship:** I am not now, nor have I ever been, a patient, client, or associate of Meghan Engl or Endeavor Health Services. I have never consented to, sought, or established a clinical relationship with this individual or organization.
2. **Lack of Authorization:** I have never signed a HIPAA release,

On Wednesday, July 29, 2026, 1:48 PM, lindammetz@verizon.net <lindammetz@verizon.net> wrote:

**Attn: Christopher Blask, Corporate Compliance Officer**
**Endeavor Health Services**
**795 Indian Church Rd**
**Buffalo, NY 14224**
*Corporate Compliance Office Phone: (716) 895-6700, Ext. 4307*

F3

*Compliance Direct Email: CBlask@ehsny.org*

Dear Mr. Blask,
Please find attached an urgent, signed **Statement of Non-Relationship and Cease-and-Desist Notice**regarding an independent contractor/clinician employed by Endeavor Health Services who is currently embedded with or taking referrals from the Town of Tonawanda Police Department. This individual has committed professional fraud and misconduct by falsely claiming to Dent Neurologic Institute that I was "her patient" in an unauthorized attempt to harvest my private medical files. Furthermore, this individual is actively engaged in ongoing harassment against me.
This matter has already been escalated to a Senior State Investigator with the New York State Education Department Office of the Professions (OPD).
I demand that Endeavor Health Services immediately intervene, order this contractor to cease all direct and indirect contact with me and my healthcare providers, and launch an immediate internal compliance investigation.

Linda Metz
(716)418-4089

I am reporting an incident of harassment and retaliation again today 7/28/26 at approximately 1:10 pm

1:30

Q who does Yiwn of Tonawanda Police vse as their ment

F4

The Town of Tonawanda Police Department uses a dedicated behavioral health specialist named **Meghan**, who is an integrated clinician employed by **Endeavor Health Services.**

## Community Services Bureau Details

- **Specialist Name:** Meghan (Behavioral Health Specialist / Department Clinician)
- **Employer / Agency:** Endeavor Health Services (integrated within the police department)
- **Team Members:** Works alongside Captain Amanda Taber, Detective Michelle McCormick, and comfort K9 Lucy in the Community Services Bureau
- **Core Duties:** Immediate crisis response

11:38

Notes

**DEMAND TO CEASE AND DESIST:** You are hereby ordered to immediately cease and desist all telephone calls, text messages, emails, letters, and any other forms of direct or indirect contact with me. Furthermore, you are ordered to immediately stop all attempts to contact my healthcare providers, family members, or associates.

Failure to comply with this notice will result in immediate escalation to outside law enforcement for criminal harassment, as well as inclusion in ongoing civil litigation.

Signed,

/s/ Linda Metz

11:38

Notes

organization.

2. **Lack of Authorization:** I have never signed a HIPAA release, authorization, or consent form allowing Meghan Engl or Endeavor Health Services to access, request, or discuss my private medical records

F7

with any third party, including Dent Neurologic Institute.

3. **Fraudulent Misrepresentation:** Any verbal or written claim made by Meghan Engl to Dent Neurologic Institute or any other healthcare provider stating that I am "her patient" or that she has a clinical right to my medical information is entirely false, fraudulent, and a violation of New York professional licensing ethics.
4. **Notice to Cease and Desist:** Meghan Engl is actively engaged in ongoing, unwanted contact and harassment against me.

**DEMAND TO CEASE AND DESIST:** You are hereby ordered to immediately cease and desist all telephone calls, text messages, emails, letters, and any other

**Subject** Compliance

**From** lindammetz@verizon.net <lindammetz@verizon.net>

**To** CBlask@ehsny.org

**Date** 7/29/2026, 1:48:31PM

**Attn: Christopher Blask, Corporate Compliance Officer**
**Endeavor Health Services**
**795 Indian Church Rd**
**Buffalo, NY 14224**
*Corporate Compliance Office Phone: (716) 895-6700, Ext. 4307*
*Compliance Direct Email: CBlask@ehsny.org*

Dear Mr. Blask,
Please find attached an urgent, signed **Statement of Non-Relationship and Cease-and-Desist Notice**regarding an independent contractor/clinician employed by Endeavor Health Services who is currently embedded with or taking referrals from the Town of Tonawanda Police Department.
This individual has committed professional fraud and misconduct by falsely claiming to Dent Neurologic Institute that I was "her patient" in an unauthorized attempt to harvest my private medical files. Furthermore, this individual is actively engaged in ongoing harassment against me.
This matter has already been escalated to a Senior State Investigator with the New York State Education Department Office of the Professions (OPD).
I demand that Endeavor Health Services immediately

intervene, order this contractor to cease all direct and indirect contact with me and my healthcare providers, and launch an immediate internal compliance investigation.

Linda Metz
(716)418-4089

I am reporting an incident of harassment and retaliation again today 7/28/26 at approximately 1:10 pm

1:30

Q who does Yiwn of Tonawanda Police yse as their ment

G ×

The Town of Tonawanda Police Department uses a dedicated behavioral health specialist named **Meghan**, who is an integrated clinician employed by **Endeavor Health Services.**

## Community Services Bureau Details

- **Specialist Name:** Meghan (Behavioral Health Specialist / Department Clinician)

F10

- **Employer / Agency:** Endeavor Health Services (integrated within the police department)
- **Team Members:** Works alongside Captain Amanda Taber, Detective Michelle McCormick, and comfort K9 Lucy in the Community Services Bureau
- **Core Duties:** Immediate crisis response, trauma support, follow-ups for counseling, and resource connections Town of Tona... +2

**Crisis Services White Paper 2021 - New York...**

Ask anything

by your employee Meghan Engl at my home address. This information was also provided to Senior State Investigator Andrew Green, NY State Education Department Office of the Professions. He has been

MENT OF NON-RELATIONSHIP AND CEASE-AND-DESIST NOTICE
uly 24, 2026
ghan Engl
porate Comp
ons
dulent Repr
letz, born o
New York th
Provider-P
ociate of M
ablished a
k of Autho
wing Megh
lical record
udulent Mi
ologic Ins
a clinical r
professio
ce to Ceas
ssment ag
O CEASE
alls, text
more, you
pers, or a
mply with
assment,

z

1. Unauthorized Access to Medical Information

- **Criminal Impersonation in the Second Degree** (NY PL § 190.25): Applies if a person pretends to be you, your representative, or an authorized entity to trick a medical provider into releasing your records.[1, 2, 3]
- **Unauthorized Use of a Computer** (NY PL § 156.05): Applies if they used a law enforcement or medical facility database/login without proper authorization to search your medical profile. [1, 2]
- **Federal HIPAA Violations:** Obtaining Protected Health Information (PHI) under false pretenses or via unauthorized employee access is a federal crime punishable by fines and prison time under the Department of Health and Human Services (HHS). [1, 2]

2. Retaliation, Intimidation, and Harassment

- **Coercion in the Third Degree** (NY PL § 135.60): Committed when someone forces or intimidates you into not doing something you have a legal right to do (such as filing property code complaints). This explicitly covers public servants abusing their positions to adversely affect a citizen. [1, 2, 3]
- **Stalking in the Fourth Degree** (NY PL § 120.45): Engaging in a course of conduct directed at a specific person that is likely to cause reasonable fear of material harm to their health, safety, or career. [1, 2, 3, 4, 5]
- **Aggravated Harassment in the Second Degree (NY PL § 240.30):** Using communication channels (phone, email, text) to threaten, mechanicalize, or annoy a person, especially when involving threats to their physical well-being or safety. [1, 2, 3]

3. Misuse of Authority & Fraudulent Mental Health Commitment

- **Official Misconduct** (NY PL § 195.00): This charge applies strictly to the mental health counselor or police officers involved. If a public servant performs an unauthorized act relating to their office (like threatening to abuse involuntary psychiatric hold laws) to injure or deprive another person of a benefit, they commit official misconduct.
- **Unlawful Imprisonment (NY PL § 135.05):** Attempting to restrain or place an individual into a medical facility against their will under fraudulent or retaliatory pretenses constitutes a restriction of liberty without consent.
- **Filing a False Instrument for Filing** (NY PL § 175.35): If the licensed professional fabricates reports or symptoms to initiate a forced psychological evaluation or commitment process. [1, 2, 3]

4. Retaliation for Code Complaints

- **New York State Professional Misconduct:** Aside from criminal law, as a licensed mental health professional, abusing clinical authority to assist a neighbor's property dispute is a direct violation of NY State Education Department Office of the Professions regulations. This can result in the immediate **revocation of their clinical license**

F12

| | |
|---|---|
| Subject | RE: [External] 18 Countrygate Lane |
| From | Barry, Scott <sbarry@tonawanda.ny.us> |
| To | lindammetz@verizon.net <lindammetz@verizon.net>, Hartz, James <jhartz@tonawanda.ny.us> |
| Cc | Patino, Alex <apatino@tonawanda.ny.us>, Emminger, Joseph <jemminger@tonawanda.ny.us>, Kooshoian, Michael <mkooshoian@tonawanda.ny.us>, Cavarello, Daniel <dcavarello@tonawanda.ny.us>, Halter, Shelley <shalter@tonawanda.ny.us> |
| Date | 1/8/2026, 1:09:06 PM |

Linda,

You have not been denied a building permit, an appeal to the ZBA doesn't apply to your situation.

Scott Barry

Superintendent of Buildings, Code Enforcement & Inspections

Town of Tonawanda Building Department

T. 716-877-8801

F. 716-871-8845

G1

Town of Tonawanda
[illegible]
BUILDING DEPARTMENT
Scott Barry
Superintendent of Buildings, Code Enforcement and Inspections

**PROCEDURE FOR APPLICATION TO ZONING BOARD OF APPEALS**

**APPELLANT MUST FURNISH THE FOLLOWING:**

1) Appeals form completely filled out. Please complete all sections pertaining to your appeal. If your case involves more than one zoning code section or issue you may address each issue on a seperate questionnaire.

2) Up-to-date legal survey showing all streets, buildings, etc.

3) Drawings, location plans, all pertinent data.

4) Copies of letters, sales contracts, any data providing evidence of contract purchaser agent etc., authority to act on behalf of property owner, if not the owner of record.

5) Appellant shall furnish eleven (11) copies of #2-4 if applicable.

6) $175 fee payable to Town of Tonawanda.

**BUILDING DEPARTMENT FURNISHES:**

1) Copy of building permit application (denied) or written request for specific relief from zoning ordinance.

2) Copy of Assessor's map.

3) Photos of location, building, etc. and plot plan showing photo orientations.

**TOWN CLERK WILL DISTRIBUTE DATA TO ZONING BOARD OF APPEALS MEMBERS**

For further information regarding use and area variances please see the NYS technical document titled: ZONING BOARD OF APPEALS: which can be found at zoning-board-appeals-pdf (ny.gov)

**IF THE APPEAL IS GRANTED, THE APPLICANT MUST OBTAIN A BUILDING PERMIT BEFORE ANY CONTRUCTION CAN BE STARTED.**

Revised 11/28/22

G3

Complaint Summary Report 18 Countrygate Lane

Open in Chrome Done

**ALL Calls for Service 18 Countrygate Lane**

**Report Date:2/23/2026**

**Remarks:**

| | | | |
|---|---|---|---|
| 11/08/2025 05:39:29 | TTO | 863 | COMPL STATES THERE IS CONSTANT BANGING COMING FROM THIS ADDRESS |
| 11/08/2025 05:40:10 | TTO | 863 | METAL PIECES IN FRONT YARD - POSSIBLY ON A FLAG POLE |
| 11/08/2025 05:41:23 | TTO | 863 | CALLER WAS RAMBLING ON ABOUT THE ISSUE - ASKED SEVERAL TIMES IF SHE WANTED TO SPEAK WITH PATROLS AND DID NOT ANSWER |
| 11/08/2025 05:42:08 | TTO | 863 | MENTIONED SEVERAL TIMES THAT THEY KEEP SAYING IT WILL BE FIXED NEXT WEEK BUT NEEDS IT TO STOP BECAUSE ITS BOTHERING HER AND HER NEIGHBORS |
| 11/08/2025 05:44:19 | TTO | 863 | REF 25-553915 AND 25-553900 |
| 11/08/2025 05:53:38 | TTO | 113 | -------DMV REGISTRATION DATA---------------------------------------- [redacted] Redactions pursuant to New York State Public Officers Law Article VI, Section 87.2a (citing Federal Drivers Privacy Protection Act) [redacted] |
| 11/08/2025 06:01:49 | TTO | 163 | PATROLS ON SCENE HEARD THE CONSTANT RATTLING OF THE FLAG POLE. COMPLAINANT GIVEN A COMPLAINT CARD, AND HAS BEEN IN CONTACT WITH THE BUILDING DEPARTMENT. I SPOKE WITH THE RESIDENT WHO AGREED TO TAKE THE FLAG DOWN, NO FURTHER ISSUES AT THIS TIME. |

**25-558096 ASSIST PERSON**

**18 COUNTRYGATE LA TTO Bus. PALMERI FRANKLIN F & W (6)**

**Disposition(s):1. Party Advised**

Reported: 11/30/2025 19:48:09 Agency: TTO

Exhibit H

Complaint Summary Report 18 Countrygate Lane    Open in Chrome    Done

FURTHER ISSUES AT THIS TIME.

**25-558096 ASSIST PERSON**

**18 COUNTRYGATE LA TTO Bus. PALMERI FRANKLIN F & W (6)**

**Disposition(s):1. Party Advised**

| | | | |
|---|---|---|---|
| Reported: | 11/30/2025 19:48:09 | Agency: | TTO |
| Received: | 11/30/2025 19:48:09 | Received By: | VANDEMORTEL, DEREK - 134 |
| Dispatched: | 11/30/2025 20:37:08 | Dispatched By: | REMING, AMANDA - 843 |
| En Route: | 11/30/2025 20:37:08 | Source: | |
| On Scene: | 11/30/2025 20:47:39 | | |
| Cleared: | 11/30/2025 20:55:40 | | |

**Officers:** 1. CASH, MICHAEL - 179

**Other Personnel:** 1. THOMPSON, NICHOLAS E. - 7954

**Remarks:**

| | | | |
|---|---|---|---|
| 11/30/2025 19:48:35 | TTO | 134 | FEMALE RAMBLING ON AND ON ABOUNT CLANGING FROM PARTS OF HER NEIGHBORS FLAG POLE |
| 11/30/2025 19:49:11 | TTO | 134 | FEMALE ADVISED IT IS A BUILDING DEPARTMENT ISSUE AND INSISTED PATROLS RESPOND AND TELL HER NEIGHBOR TO FIX THE FLAGPOLE IMMEDIATELY |
| 11/30/2025 20:54:45 | TTO | 179 | PATROL SPOKE TO RESIDENTS AT THE ABOVE ADDRESS AND ADVISED THEM OF THE COMP. NO FURTHER ACTION AT THIS TIME. |



Town of Tonawanda

## COMPLAINT SUMMARY REPORT

ALL Calls for Service 18 Countrygate Lane

**Report Date:2/23/2026**

**25-561053 UNKNOWN TROUBLE**

ight be incomplete.

SED

Complaint Summary Report 18 Countrygate Lane

Open in Chrome Done

Town of Tonawanda

## COMPLAINT SUMMARY REPORT

ALL Calls for Service 18 Countrygate Lane

Report Date:2/23/2026

SPOKE TO NEIGHBOR WHO STATED HE WILL TRY TO COVER THE GROMETS SO THEY NO LONGER MAKE NOISE BUT WILL NOT BE ABLE TO ATTEND TO THIS UNTIL LATER TODAY. SPOKE TO BUILDING DEPARTMENT WHO HAS BEEN OUT THREE TIMES. THEY WILL BRING A SOUND METER OUT TODAY TO EVALUATE THE SITUATION. BHS SPOKE TO LINDA AT LENGTH. ADVISED LINDA THE ABOVE WOULD BE DOCUMENTED AND TO SEE WHAT THE BUILDING DEPARTMENT CONCLUSION IS.

**25-561138 HARASSMENT**

**18 COUNTRYGATE LA TTO Bus. PALMERI FRANKLIN F & W (6)**

**Disposition(s):1. Police Report Filed 2. Front Desk Report**

Reported: 12/19/2025 16:36:48
Received: 12/19/2025 16:36:48
Dispatched: 12/19/2025 16:36:48
En Route: 12/19/2025 16:36:48
On Scene: 12/19/2025 16:36:48
Cleared: 12/19/2025 17:22:37

Agency: TTO
Received By: VANDEMORTEL, DEREK - 134
Dispatched By: VANDEMORTEL, DEREK - 134
Source:

**Officers:** 1. VANDEMORTEL, DEREK - 134

**Other Personnel:** 1. VANDERMEER, ANDREW B. - 4274

**Remarks:**

12/19/2025 17:22:29 TTO 134 FDR

**25-561451 NEIGHBOR DISPUTE**

**18 COUNTRYGATE LA TTO Bus. PALMERI FRANKLIN F & W (6)**

**Disposition(s):1. Supplemental Report 2. BHS REFERRAL**

Reported: 12/21/2025 12:05:21
Received: 12/21/2025 12:08:46

Agency: TTO
Received By: THOMPSON, NICHOLAS - 865

Complaint Summary Report 18 Countrygate Lane

Open in Chrome Done

NEEDED

**25-561086 DISTURBANCE OTHER**

**18 COUNTRYGATE LA TTO Bus. PALMERI FRANKLIN F & W (6)**

**Disposition(s):1. PARTY ASSISTED 2. BHS REFERRAL**

| | | | |
|---|---|---|---|
| Reported: | 12/19/2025 10:17:02 | | |
| Received: | 12/19/2025 10:17:43 | Agency: | TTO |
| Dispatched: | 12/19/2025 10:28:23 | Received By: | REMING, AMANDA - 843 |
| En Route: | 12/19/2025 10:28:23 | Dispatched By: | SAWYER, MEGAN - 866 |
| On Scene: | 12/19/2025 10:39:32 | Source: | PHONE |
| Cleared: | 12/19/2025 11:26:58 | | |

**Officers:** 1. HEFT, SARAH - 104 2. COCHRAN, MICHAEL - 144

**Other Personnel:**

**Associated Person(s):** 1. Complainant METZ, LINDA M. DOB: 3/28/1965
ADDRESS: 24 COUNTRYGATE LA TONAWANDA TOWN
CELL PHONE: (716) 418-4089

**Remarks:**

| | | | |
|---|---|---|---|
| 12/19/2025 10:22:01 | TTO | 843 | CMP STATES THE RESIDENTS AT THIS ADDRESS ARE CONSTANTLY MAKING BANGING METAL SOUNDS |
| 12/19/2025 10:22:11 | TTO | 843 | CMP IS VERY UPSET, STATES SHE CANNOT SLEEP AND HAS BEEN GOING ON FOR MONTHS AND NO ONE WILL DO ANYTHING |
| 12/19/2025 10:22:17 | TTO | 843 | CMP DOES NOT WANT TO SPEAK TO PATROL |
| 12/19/2025 10:22:33 | TTO | 843 | SHE STATES ITS A METAL POLE OUTSIDE HER WINDOW, CMP WONT GIVE HER NAME OR ADDRESS |
| 12/19/2025 10:22:50 | TTO | 843 | CMP SEEMS TO BE RAMBLING, STATES SHE HAS NOT SLEPT IN DAYS AND THEY ARE HARASSING HER |
| 12/19/2025 11:20:54 | TTO | 104 | SPOKE TO LINDA WHO STATES HER DAILY LIFE IS DISRUPTED CONSTANTLY BY THE NOISE FROM NEIGHBOR'S FLAG POLE. |



[redacted]

6:17

Complaint Summary Re...

On Scene: 01/26/2026 10:00:25
Cleared: 01/26/2026 10:17:03

**Officers:** 1. NUCHERENO, PAUL - 142

**Other Personnel:**

**Associated Person(s):** 1. Complainant PALMERI, KATHY R. DOB: [redacted]
ADDRESS: 18 COUNTRYGATE LA TONAWANDA
HOME PHONE: [redacted] WORK PHONE: [redacted]

Redactions pursuant to New York State Public Officers Law Article VI, Section 87.2b (unwarranted invasion of personal privacy)

**Remarks:**

| | | | |
|---|---|---|---|
| 01/26/2026 09:49:30 | TTO | 849 | ON GOING NEIGHBOR DISPUTE ISSUES |
| 01/26/2026 09:50:13 | TTO | 849 | FEMALE KEEPS PUSHING ALL OF HER SNOW IN THE STREET SO THAT IT ENDS UP GETTING PUSHED BY THE PLOW INTO THE NEIGHBORS DRIVEWAY |
| 01/26/2026 09:50:27 | TTO | 849 | COMPL WOULD LIKE HER ADVISED THAT SHE CANNOT PUT SNOW IN THE STREET |
| 01/26/2026 10:16:50 | TTO | 142 | HOMEOWNERS ADVISED OF COMPLAINT. |

**26-604214 SNOW REMOVAL**

**24 COUNTRYGATE LA TTO Bus. METZ ROBERT J & W LINDA M (6)**

**Disposition(s):1. PARTY ASSISTED 2. A-Other**

Reported: 01/26/2026 11:02:17
Received: 01/26/2026 11:05:09
Dispatched: 01/26/2026 11:52:15
En Route: 01/26/2026 11:52:15
On Scene: 01/26/2026 11:58:56
Cleared: 01/26/2026 12:16:18

Agency: TTO
Received By: VITALE, LINDA - 804
Dispatched By: SAWYER, MEGAN - 866
Source: PHONE

**Officers:** 1. NUCHERENO, PAUL - 142



Town of Tonawanda

**COMPLAINT SUMMARY REPORT**

**ALL Calls for Service 18 Countrygate Lane**

**Report Date:2/23/2026**

**Other Personnel:**

**Associated Person(s):** 1. Complainant CROWLEY, DENISE A. DOB: [redacted]
ADDRESS: 33 COUNTRYGATE LA TONAWANDA
HOME PHONE: [redacted] CELL PHONE: [redacted]

Redactions pursuant to New York State Public Officers Law Article VI, Section 87.2b (unwarranted invasion of personal privacy)

**Remarks:**

| | | | |
|---|---|---|---|
| 01/26/2026 11:03:22 | TTO | 804 | RETURN CALL - ANOTHER NEIGHBOR STATES AFTER PATROLS LEFT, THE FEMALE WENT BACK OUT AND NOT ONLY PUT MORE SNOW INTO THE STREET BUT ALSO COVERED THE FIRE HYDRANT |
| 01/26/2026 11:05:06 | TTO | 804 | COMP STATES THE ELDERLY MALE WHO LIVES AT 22 KEEPS THE FIRE HYDRANT CLEAR OF SNOW AND THE FEMALE COMPLETELY COVERED THE HYDRANT WITH SNOW |
| 01/26/2026 12:16:02 | TTO | 142 | COMPL WAS UPSET BECAUSE FEMALE PARTY AT 24 COUNTRYGATE DUMPED MORE SNOW IN THE STREET AND ON THE FIRE HYDRANT. ONGOING NEIGHBOR DISPUTE BETWEEN NEIGHBORS. PARTIESAT 24 WERE NOT HOME AT THE TIME TO ADVISE. |

**26-607994 BEHAVIORAL HEALTH**

**24 COUNTRYGATE LA TTO Bus. METZ ROBERT J & W LINDA M (6)**

**Disposition(s):1. BHS REFERRAL**

Reported: 02/17/2026 11:24:52
Received: 02/17/2026 11:24:52
Dispatched: 02/17/2026 11:24:52
En Route: 02/17/2026 11:24:52
On Scene: 02/17/2026 11:24:52
Cleared: 02/17/2026 11:47:12

Agency: TTO
Received By: OSWALD, LOUIS - 129
Dispatched By: OSWALD, LOUIS - 129
Source:

**Officers:** 1. OSWALD, LOUIS - 129

**Other Personnel:** 1. SAWYER, MEGAN C. - 8656

**Remarks:**

| | | | |
|---|---|---|---|
| 02/17/2026 11:46:11 | TTO | 129 | BHS ATTEMPTED TO ENGAGE WITH LINDA ABOUT CONCERNS THAT CONTINUE TO BE AN ISSUE. LINDA WAS INITIALLY ENGAGING WITH BHS BUT LINDAS HUSBAND RETURNED HOME AND DEMANDED THAT BHS AND PATROL LEAVE. BHS U/D LINDA THAT SHE IS WELCOME TO COME MEET WITH BHS AS THE STATION. PATROL AND BHS LEFT SCENE DUE TO HUSBAND BECOMING IRATE AND DIFFICULT TO ENGAGE WITH, NOT ALLOWING BHS TO ASSIST LINDA. BHS WILL CONTINUE TO BE UTILIZED AS NEEDED WITH THIS CASE. |

**Total Complaints: 17**

Other Personnel: 1. MANZELLA, DEIDRE A. - 8184
Associated Person(s):1. Complainant PALMERI, KATHY R. DOB: [redacted]
ADDRESS: 18 COUNTRYGATE LA TONAWANDA
HOME PHONE: [redacted] WORK PHONE: [redacted]
Redactions pursuant to New York State Public Officers Law Article VI, Section 87.2b (unwarranted invasion of personal privacy)
Remarks:
01/16/2026 18:24:34 TTO 134 RESIDENT AT 24 COUNTRYGATE WAS RECORDING MS. PALMERI'S DAUGHTER IN LAW AND GRAND KIDS TODAY

---

**26-603602 NEIGHBOR DISPUTE**
**18 COUNTRYGATE LA TTO Bus. PALMERI FRANKLIN F & W (6)**
**Disposition(s):1. Party Advised 2. PARTY ASSISTED**

| | | | |
|---|---|---|---|
| Reported: | 01/22/2026 19:29:51 | Agency: | TTO |
| Received: | 01/22/2026 19:32:18 | Received By: | FINTON, JENNA - 862 |
| Dispatched: | 01/22/2026 19:34:09 | Dispatched By: | MANZELLA, DEIDRE - 817 |
| En Route: | 01/22/2026 19:34:09 | Source: | PHONE |
| On Scene: | 01/22/2026 19:47:34 | | |
| Cleared: | 01/22/2026 20:31:55 | | |

Officers: 1. CASH, MICHAEL - 179 2. CASALI, GIANNA - 182

Other Personnel: 1. HARLACH, CLAIRE E. - 8382

Associated Person(s):1. Complainant PALMERI, JOHN A. DOB: [redacted]
ADDRESS: 1585 COLVIN BD TONAWANDA

Redactions pursuant to New York State Public Officers Law Article VI, Section 87.2b (unwarranted invasion of personal privacy)

Remarks:
01/22/2026 19:32:40 TTO 862 FEMALE AT 24 COUNTRYGATE IS PUSHING HER SNOW ONTO 18S PROPERTY
01/22/2026 19:32:57 TTO 862 ONGOING ISSUE- FEMALE AT 24 IS UPSET THAT THE FLAGPOLE IS LOUD
01/22/2026 20:31:36 TTO 179 UPON ARRIVAL THE FLAG POLE WAS NOT MAKING ANY NOISE. PATROL SPOKE WITH THE RESIDENTS AT 18 COUNTRYGATE WHO STATED THE NEIGHBOR AT 24 WAS INTENTIONALLY SHOVELING SNOW THAT WAS IN THE STREET IN FRONT OF HER HOUSE, THEN PLACING IT IN THE STREET IN FRONT OF THEIR HOUSE. ALL PARTIES ADVISED TO CEASE CONTACT WITH EACH OTHER.

---

**26-604277 NEIGHBOR DISPUTE**
**18 COUNTRYGATE LA TTO Bus. PALMERI FRANKLIN F & W (6)**
**Disposition(s):1. Police Report Filed 2. Appearance Ticket 3. A-Other 4. A-Misdemeanor 5. BODY WORN**



**Town of Tonawanda**
## COMPLAINT SUMMARY REPORT
**ALL Calls for Service 18 Countrygate Lane**

**Report Date:2/23/2026**

---

**CAMERA 6. Party Advised**

| | | | |
|---|---|---|---|
| Reported: | 01/26/2026 18:49:51 | Agency: | TTO |
| Received: | 01/26/2026 18:50:22 | Received By: | HARLACH, CLAIRE - 860 |
| Dispatched: | 01/26/2026 18:53:25 | Dispatched By: | BIENIEK, JASON - 829 |
| En Route: | 01/26/2026 18:53:25 | Source: | PHONE |
| On Scene: | 01/26/2026 19:00:33 | | |
| Cleared: | 01/26/2026 20:57:06 | | |

Officers: 1. CURREY, GRANT - 164 2. CORNELL, JUSTIN - 169

Other Personnel: 1. FRYE, KIMBERLY S. - 8348 2. THOMPSON, NICHOLAS E. - 7954

Associated Person(s):1. Complainant PALMERI, KATHY R. DOB: [redacted]
ADDRESS: 18 COUNTRYGATE LA TONAWANDA
HOME PHONE: [redacted] WORK PHONE: [redacted]
Redactions pursuant to New York State Public Officers Law Article VI, Section 87.2b (unwarranted invasion of personal privacy)
Remarks:
01/26/2026 18:50:06 TTO 860 TTO FD1-KSTACK (18:49:35): kathy from 18 country gate would like officers for a neighbor dispute with female from 24 countrygate... neighbor from 24 is reportedly walking across the street with piles of snow and putting it on their property
01/26/2026 20:56:45 TTO 169 SEE POLICE REPORT. 1 AT ISSUED

---

**Total Complaints: 25**

# Town of Tonawanda
## POLICE REPORT
## PETIT LARCENY

Complaint **26-625999**

Report Date & Time 06/09/2026 13:17

## INCIDENT

| Address of Occurrence | | District | Tract | Occ. Date & Time Between | BtAnden | Type of Premise |
|---|---|---|---|---|---|---|
| 24 COUNTRYGATE LA | TTO | 6 | | 06/09/2026 06:00 | 06/09/2026 13:17 | Single Family Home |

| Status | Follow Up By | Supl | TT Mess# | TT Entry Date | TT Cancel# | TT Cancel Date |
|---|---|---|---|---|---|---|
| Closed | Records | N | | | | |

Officers: 187 - CILIENTO, 143 - HICKEY, 141 - HUDSON
Rep. Off.: 141 - HUDSON
Supervisor: 410 - COLANGELO
Assigned. Off.:

## Victim - 1

| Last Name | First Name | MI | Ext | Birth Date | Race | Sex | Age | Juvenile | Arrested | Report |
|---|---|---|---|---|---|---|---|---|---|---|
| METZ | LINDA | M | | 03/28/1965 | White | F | 61 | N | N | PR |

| Address | City | State | Zip | Home Phone | Work Phone |
|---|---|---|---|---|---|
| 24 COUNTRYGATE LA | TONAWANDA TOWN | NY | 14150 | (716) 418-4089 | |

| Height | Weight | Hair | Eyes | Build | Complexion | Glasses | Scars/Marks/Tattoos | Cell Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | (716) 418-4089 |

## OFFENSES

| Law | Section | CA | CL | DG | Description | Report |
|---|---|---|---|---|---|---|
| PL | 155.25 | M | A | 0 | PETIT LARCENY | PR |
| PL | 140.05 | V | | 0 | TRESPASS | PR |

## PROPERTY

| Qty | Type | Description | Status | Make | Color | Model | Total Value | Report |
|---|---|---|---|---|---|---|---|---|
| 10 | Other Property | caution flags | 07 - Stolen/etc. | | | | $10.00 | PR |

***Stolen Property Grand Total: $10.00***

## NARRATIVE

**POLICE REPORT** Date Entered: 06/09/2026 14:23 Typist: MATTHEW HUDSON Officer: 141-HUDSON

On the above date and time patrols responded to 24 Countrygate Ln for the report of a past tense larceny. Upon arrival patrols spoke with the victim, Linda Metz. Metz stated that on the morning of 06/09/2026, an unknown person trespassed in her front lawn and stole approximately ten caution flags (usually used to mark utilities, various colors). Metz stated that she placed them near the flagpole belonging to her neighbor at 18 Countrygate Ln and suspects a resident there of stealing the flags due to past incidents involving both parties. Metz stated the flags have a nominal value and was unable to provide a dollar amount to patrol. Metz insisted patrol not speak with the neighbors at 18 Countrygate Ln due to fear of retribution. Metz did not wish for any follow up and was advised to contact TTPD should she observe anyone on her property to address the situation.

141, 143, 187

-141-

**SUPPLEMENT # 1** Date Entered: 06/16/2026 15:00 Typist: ANGELA RAGUSA Officer: 151-RAGUSA

On June 16, 2026 at 1419 hours, I responded to 18 Countrygate Lane in order to follow up on the above matter. Complainant and resident of 24 Countrygate, Linda M. Metz, called police and stated that she now wanted to residents of 18 Countrygate to be spoken to regarding the continuous issues. I spoke to resident Kathleen Palmeri, who stated that Metz is continuing to start unwanted issues with her and her husband. Palmeri stated that there are utility flags that are on her property that her landscaper had removed in order to properly cut her law. Palmeri states that these flags belong to National Grid and that they are on her property and not Metz's. Palmeri also stated that Metz called and requested that National Grid come to measure how far Palmeri's flagpole was from the utility box that is also located on Palmeri's property, and stated that it was causing a safety hazard. On June 14, two National Grid workers could be observed on camera on Palmeri's property measuring the distance between the flagpole and the utility

| | | |
|---|---|---|
| TOWN TONAWANDA POLICE | **Town of Tonawanda** POLICE REPORT PETIT LARCENY | *Complaint* **26-625999** *Report Date & Time* 06/09/2026 13:17 |

box, as Metz watched them and was yelling at them. The workers could be heard explaining to her that the flagpole, which is on Palmeri's property and not Metz's, was 12 feet from the box and not posing as any safety issue.

Palmeri was advised on what was the reported regarding the utility flags, and was again advised to have zero contact with Metz, nor go on her property, which she agreed and stated that she continues to avoid Metz and wants no issues. Have it be known that this is a continuous issue with Metz making similar complaints like this against Palmeri and her husband and that there is a BHS history with Metz (XREF 26-607994, 26-600874, 25-558812).

PLEASE REFER TO BHS FOR F/U.

BWC
151

*Officer:* 141 - HUDSON ____________ *Supervisor:* 410 - COLANGELO ____________



[redacted]

**Department of Police**
**Town of Tonawanda, New York**

State of New York
County of Erie
Town of Tonawanda

Complaint # 26-604277

**SUPPORTING DEPOSITION**

I, Franklin Palmeri, being duly affirmed, depose and say that I am 83 years of age. Further I say

"On 1/26/26 at about 6:40pm I observed my neighbor from 24 Countrygate Ln, Linda Metz, take snow from her property and shovel it to my property on 18 Countrygate Ln. I dug out a section of snow on my property approximately 4ft wide for my garbage cans to go and she shoveled the snow back onto my property filling up that space because she is upset with me. It is a substantial inconvenience for me to clean that up and get that back to the way it was. This is getting ridiculous, I want her charged." "She needs help, someone needs to get her help."

1/26/26

Franklin F. Palmeri

**Notice** (Penal Law, Section 210.45)
It is a crime, punishable as a class "A" Misdemeanor under the laws of the State of New York, for a person, in and by a written instrument, to knowingly make a false statement, or to make a statement which such person does not believe to be true.

Affirmed under penalty of perjury on this date : 1 / 26 / 2026
Mo. Day Year

[signature] 164
OFFICER / DETECTIVE

Franklin F. Palmeri
DEPONENT

TTP-87 (7/15)

Exhibit H-1

[redacted]

**JUSTICE COURT**
**TOWN OF TONAWANDA, NEW YORK**

**State of New York** **County of Erie** **Town of Tonawanda**

**THE PEOPLE OF THE STATE OF NEW YORK**

**-vs-**

| | |
|---|---|
| **Linda M. Metz** | **Complaint Number:** 26-604277 |
| **24 Countrygate Ln** | **Date of Birth:** 03/28/1965 |
| **Tonawanda, NY 14150** | **Phone Number:** (716) 418-4089 |

## INFORMATION/COMPLAINT

I, Ofc. Cornell, the complainant herein, accuses the above named defendant with having on or about, Monday, January 26, 2026 at, 18 Countrygate Ln, in the Town of Tonawanda, County of Erie, New York at about, 6:40 P.M. with having committed the offense of **Criminal Tampering in the 3rd Degree** in violation of section **145.14** of the Penal Law in the State of New York, the same being a **Class "B" Misdemeanor.**

**FACTS:** A person is guilty of criminal tampering in the third degree when, having no right to do so nor any reasonable grounds to believe that he has such right, he tampers with property of another person with intent to cause substantial inconvenience to such person or to a third person, to wit; At the aforementioned time, date and place, **said defendant did, while having no right to do so nor any reasonable grounds to believe that she had such right, purposely shoveled snow onto Franklin Palmeri's property, that was previously shoveled by him, causing a substantial inconvenience.** All contrary to the provisions of the statute in such case made and provided.

THE AFORESAID ALLEGATIONS OF FACT ARE MADE BY THE COMPLAINANT HEREIN ON DIRECT KNOWLEDGE AND UPON INFORMATION AND BELIEF, WITH THE SOURCE BEING: SUPPORTING DEPOSITION OF FRANKLIN PALMERI BY OFC CURREY ATTACHED AND MADE PART OF THIS INFORMATION.

Affirmed under penalty of perjury, Monday, January 26, 2026

#169

Officer J.Cornell #169, Complainant

***NOTE: FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS "A" MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE REVISED PENAL LAW OF NEW YORK STATE.***

1835 Sheridan Dr.
ADDRESS

Kenmore, NY 14223
CITY, TOWN or VILLAGE

(716) 876-5300
PHONE NUMBER

Prepared By: J.Cornell #169

TTP-84 (04/03)

[redacted]

[redacted]



STATE OF NEW YORK
COUNTY OF ERIE
TOWN OF TONAWANDA

Docket 26010670

The People of the State of New York -

v.

Defendant

Linda M. Metz

**ADJOURNMENT IN CONTEMPLATION OF DISMISSAL**
**(C.P.L. § 170.55)**

The above-named Defendant, having moved this Court for an ORDER adjourning the action herein in contemplation of dismissal pursuant to Section 170.55 of the Criminal Procedure Law, and the charge being 145.14

And the People having consented thereto by Lydia Connelly

And due deliberation having been had thereon, it is

ORDERED that the action herein be Adjourned in Contemplation of Dismissal pursuant to Section 170.55 of the Criminal Procedure Law, and that the term of the Adjournment shall be 2 months and shall expire on 4/9/26, unless revoked by the Court prior thereto, and it is further

ORDERED that, if directed by the Court, the conditions to be observed during the period of adjournment are:

1. That the defendant lead a law abiding life.
2. That the defendant comply with the terms of any protective order issued herein, a copy of which is attached hereto and made a part thereof.
3. In addition the following conditions are imposed:
   a. Lead Law Abiding Life
   b. Stay off the property at 18 Countrygate Lane
   c. Tonawanda NY
   d. 
   e. 

The granting of this Adjournment in Contemplation of Dismissal and acknowledgment thereof shall not be a conviction or an admission of guilt. No person shall suffer any disability or forfeiture as a result of this order. Upon the dismissal of the accusatory instrument the arrest and prosecution shall be deemed a nullity and the defendant shall be restored to the legal status he occupied before his arrest and prosecution.

Dated: 2/12/26

Defendant

Judge

Court file
Defendant

[redacted]

**TONAWANDA TOWN COURT**
1835 Sheridan Drive
Buffalo, New York 14223
Phone: (716) 876-5536

**FEE**
**Non-Public Version**

The People of the State of New York
vs.
**Linda M. Metz**

**Certificate of Disposition**
Docket Number: **26010670**

NYSID: **11160852Q**
CJTN: **71484912Q**

Defendant DOB: **03/28/1965**

Arrest Date: **01/26/2026** Arraignment Date: **02/12/2026**

| Num Of Counts | Original Charge | Original Charge Weight | Disposed Charge | Disposed Charge Weight | Ticket No & Charge Description | Disposition | Dates | Sentence Highlights |
|---|---|---|---|---|---|---|---|---|
| 001 | PL 145.14 CRIM TAMPER 3 **SEALED 160.50** | B M | PL 145.14 CRIM TAMPER 3 **SEALED 160.50** | B M | CRIM TAMPER 3 | ACD under CPL 170.55 | Incdt: 01/26/2026 Adjudication: 04/09/2026 Closed: 04/09/2026Deem. Dism: 04/09/2026 | |

THIS IS TO CERTIFY that the undersigned has examined the files of the **Tonawanda Town Court** concerning the above entitled matter and finds the following:

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: The 22nd day of June 2026

Hon. J. Mark Gruber, Town Justice

**CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL**

Pursuant to section 70.15 of the Penal Law, any misdemeanor sentence with a jail term of '1 year', '12 months' or '365 days', by operation of law, shall be changed to, mean and interpreted and applied as a sentence of 364 days. Any Certificate of Disposition indicating a jail sentence of 1 year, 12 months or 365 days for a misdemeanor conviction shall be interpreted as a sentence of 364 days.

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

DIVISION OF LOCAL GOVERNMENT AND SCHOOL ACCOUNTABILITY

REPORT OF EXAMINATION | S9-19-14

# Town of Tonawanda

## Ethics Oversight

DECEMBER 2020

OFFICE OF THE NEW YORK STATE COMPTROLLER
Thomas P. DiNapoli, State Comptroller

**tonawanda-town-s9-19-14**

PDF Document · 637 KB

osc.ny.gov

Exhibit H-2

[redacted]

**Subject** Re: Complaint Filing - appeal Case No 648245

**From** dps.sm.Complaint.Filing <Complaint.Filing@dps.ny.gov>

**To:** lindammetz@verizon.net <lindammetz@verizon.net>

**Date** Aug 20 at 12:00 PM

Good afternoon,

Your emails have been received, added to your complaint and forwarded to the appropriate staff for their review. If you have any questions or concerns, you can contact our office at 1-800-342-3377.


Daniel K.

**Complaint Filing**

Office of Consumer Services

**Department of Public Service**

3 Empire State Plaza, Albany, NY 12223

t (800) 342-3377 | complaint.filing@dps.ny.gov

www.dps.ny.gov


---

**From:** lindammetz@verizon.net <lindammetz@verizon.net>
**Sent:** Thursday, August 20, 2026 8:02 AM
**To:** dps.sm.Complaint.Filing <Complaint.Filing@dps.ny.gov>
**Subject:** Re: Complaint Filing - appeal Case No 648245

> **Attention:** This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.

**TO:** New York State Public Service Commission –

Exhibit H-3

Office of Consumer Services Appeals
**RE: CRITICAL ADDENDUM & MATERIAL ERROR AMENDMENT — CASE NO. 648245**
**UTILITY:** National Grid (Upstate NY Division)
**SERVICE ADDRESS:** 24 Countrygate Lane, Tonawanda, NY 14150

## I. NOTICE OF CATASTROPHIC ADMINISTRATIVE MIX-UP & MATERIAL ERROR

I am submitting this urgent addendum to my active formal appeal for **Case No. 648245**. As proven by the attached email communication from Spectrum Telecom, the Public Service Commission and the utility have completely scrambled my case file with a completely separate, unrelated address located in Kenmore, NY.

Spectrum was mistakenly dispatched to look into "overhanging wires near a garage" in Kenmore. This has absolutely zero relevance to my actual property at **24 Countrygate Lane, Tonawanda, NY 14150**. My case strictly involves an illegal, deep-earth excavation over a **National Grid high-voltage pad-mounted transformer** and active **National Fuel gas lines**. Because the agency has been tracking incorrect address data and dispatching the wrong utility providers, the previous closure of this file is entirely invalid due to a fundamental administrative material error. The PSC has quite literally "gotten its wires crossed," and the actual safety hazard at 24 Countrygate Lane has never been properly reviewed.

## II. DOCUMENTED SABOTAGE OF SAFETY PROTOCOLS BY NATIONAL GRID STAFF

This bureaucratic failure perfectly mirrors the systemic issues for which the PSC penalized National Grid **$16.97 million in July 2026** for failing to meet state customer service and regulatory complaint standards. National Grid's handling of this file has been a direct violation of that state order:

- **The "Will" Incident:** The initial responding

- **The "Will" Incident:** The initial responding field technician recognized the gravity of the underground encroachment, contacted his supervisor, and opened an official safety ticket with the Planning Department. However, a subsequent field representative named **"Will"** arrived on-site, acted with extreme hostility, and unilaterally shut down the mandated safety inspection, falsely writing it off as a "neighbor dispute."

- **Corporate Escalation Denied:** A subsequent female corporate representative from National Grid called me and mockingly stated that *"the only way to have no risk is to not have electricity."* She explicitly refused to request a proper safety engineering inspection or route the file to National Grid's legal or engineering departments, cutting off my consumer right to escalation.

## III. SPECIFIC MATHEMATICAL & CODE VIOLATIONS

- **Impossible Clearance Math:** The field report dated August 3rd claims the flagpole sits 11 feet 8 inches from the transformer and "meets clearances." However, the unpermitted, leaning metal flagpole is **over 15 feet tall**. Mathematically, the transformer pad sits directly within the structural collapse fall radius of this unbraced pole.

- **Proximity to Occupied Dwelling:** This illegal structure sits directly on the property line, **only 8 feet from my occupied residential home**.

- **Violation of NYS Industrial Code Rule 753:** The field technician who closed the file verbally admitted to possessing **zero knowledge or training** regarding the National Electrical Code (NEC), building codes, or fire safety codes. Therefore, they were entirely unqualified to clear an unpermitted, uninspected consumer outdoor electrical outlet dug directly into the high-voltage utility zone with **no 811 locate ticket called in**.

## IV. UNMITIGATED GRID AND PUBLIC SAFETY HAZARDS

By leaving this case closed based on a scrambled address and an unqualified field report, the PSC is leaving the following catastrophic risks active on my property line:

1. **Arc Flash / Blast Hazard:** A 15+ foot metal pole toppling onto the steel transformer enclosure will trigger an arc flash/blast, releasing explosive thermal energy reaching up to 35,000°F, instantly igniting my home 8 feet away.
2. **Combustible Hydrocarbon Mineral Oil Spill:** Pad-mounted transformers contain hundreds of gallons of combustible mineral oil. A physical strike risks puncturing the internal tank, leaking highly flammable hydrocarbon fluids right against my property boundary.
3. **Live Ground Chain Reaction:** A structural collapse breaching the internal electrical shielding will feed high-voltage current directly into the unpermitted consumer outlet infrastructure, instantly energizing the soil and my home's foundation.
4. **Cascading Gas Line Rupture:** If the pole topples, its deep underground concrete footing acts as a lever in the earth, risking shearing or crushing the active, buried natural gas lines marked directly below the excavation path.

## V. NOTICE OF MUNICIPAL FRAUD & CORRUPTION COVER-UP

The PSC must not rely on local town clearances to validate closing this file. Town of Tonawanda Building Superintendent **Scott T. Barry**—who concurrently operates a private painting and restoration business—issued a fraudulent inspection report clearing this hazard. To protect the property owner (a former law enforcement officer), Superintendent Barry **falsified the**

**government report by dating it for Thanksgiving Day**, a legal holiday when town offices are closed. Internal local accountability is completely blocked because Superintendent Barry's brother-in-law is the **Town Attorney**, and his uncle is the **former Town IT Director**. This matter has been submitted to the **Erie County District Attorney's Public Integrity Unit**.

## VI. FORMAL REMEDY REQUESTED

I demand that the PSC immediately correct the service address in its database to **24 Countrygate Lane, Tonawanda, NY 14150**, reopen this case, and order National Grid to dispatch an independent Safety and Asset Protection Engineer to perform an underground clearance audit and enforce the immediate removal of the structural hazard from the high-voltage fall zone.

7:56

Your Spectrum Correspondence

Thursday-Sunday from 8:00AM-4:30PM ET. If I unavailable, you may speak to any of our Escalation Specialists from Monday-Friday from 8am-9pm ET; Saturday-Sunday from 8am-7pm ET.

Thank you,

Spectrum

**Nykia L.** I Spectrum Corporate Escalations I (833) 870-7283

E-MAIL CONFIDENTIALITY NOTICE: The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that any use, dissemination, distribution, copying, or storage of this message or any attachment is strictly prohibited

The contents of this e-mail message and any attachments are intended solely for the addressee(s) and may contain confidential and/or legally privileged information. If you are not the intended recipient of this message or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and any attachments. If you are not the intended recipient, you are notified that

Thank you. | Received, thank you. | Received.

Delete Archive Move Reply All More

7:56

AA

## Your Spectrum Correspondence

C **CCEDCharter** Aug 19
To: LindaMMetz@verizon.net & 1 more

Ms. Metz,

I am in receipt of your recent correspondence to Spectrum regarding your low cable concern. We take customer feedback seriously and I appreciate the opportunity to assist you!

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Linda Metz, Plaintiff Pro Se
24 Countrygate Lane
Tonawanda, New York 14150
Contact Phone: 716-418-4089

October 7, 2026

Clerk of Court — Pro Se Office
United States District Court for the Western District of New York
2 Niagara Square
Buffalo, NY 14202

RE: Linda Metz v. Town of Tonawanda, et al.
Case No. 1:26-cv-01448 (Hon. John L. Sinatra, Jr.)
EMERGENCY MATTERS — IMMEDIATE CHAMBERS ATTENTION REQUESTED

To the Clerk of Court:
Enclosed for filing in the above-referenced matter please find Plaintiff's First Amended Civil Rights Complaint, Request for Judicial Notice, and Binding Discovery Preservation Demand, alongside an Emergency Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction, and a Motion for Service of Process by the United States Marshals Service.
Please note that the required $405.00 filing fee for this action has already been paid in full following the prior denial of Plaintiff's In Forma Pauperis application. Because this unified filing contains an urgent application under Federal Rule of Civil Procedure 65 for an Emergency Temporary Restraining Order to mitigate an imminent high-voltage fire hazard and severe, ongoing law enforcement witness retaliation, Plaintiff respectfully requests that these papers be routed to the Honorable John L. Sinatra, Jr. and Magistrate Judge H. Kenneth Schroeder, Jr. for immediate emergency review.
Thank you for your assistance in this urgent matter.

Respectfully submitted,

Linda Metz
Linda Metz, Plaintiff Pro Se

UNITED STATES POSTAL SERVICE.

Retail

P

US POSTAGE PAID

$13.90

Origin: 14217
10/07/26
3510110217-88

PRIORITY MAIL®

0 Lb 15.30 Oz

RDC 03

EXPECTED DELIVERY DAY: 10/10/26

C030

SHIP TO:

2 NIAGARA SQ
BUFFALO NY 14202-3350

USPS TRACKING® #

9505 5154 2808 6280 2150 24

how2recycle.info

PRESS FIRMLY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRIORITY
MAIL®

tions apply).*

ny international destinations.

is required.

xclusions see the

nd limitations of coverage.

FROM:

Linda Metz
24 Countrygate Lane
Tonawanda, NY 14150

USDC - WDNY
OCT - 9 2026
BUFFALO

26-cv-1448

TO:

Clerk of Court
US District Court WDNY
Robert H Jackson US Courthouse
2 Niagara Square
Buffalo, NY
14202-3498

TRACKED ■ INSURED

PS00001142500

EP14F-250 May 2026
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PAPER POUCH

how2recycle.info

*Emergency TRO enclosed - immediate chambers attention

This package is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F-250 © U.S. Postal Service; May 2026; All rights reserved.